TUPUOLA SATETE, for himself and on behalf of the
TUPUOLA FAMILY, Plaintiffs,

v.

SU`ESU`EMANOGI WILLIAMS, MARY WILLIAMS,
and DOES 1-10, Defendants.

---

TUPUOLA SATETE for the TUPUOLA FAMILY, Claimants,

v.

TU`ULAUPUA MARY, ENELIKO JR. KELETI, NOFOA ALO
STEFFANY, PALOA LUPEOMATASILA, JANOI JOHN
WILLIAMS, SINGER MOORE, LEVEL NAUFAHU,
FA`ATUPUNU`U J.W., LEAO H. WILLIAMS,
and TONY WILLIAMS, Objectors.

High Court of American Samoa
Land and Titles Division

LT No. 07-94
LT No. 12-95

July 6, 2000

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate
Judge, and TAUANU`U, Temporary Associate Judge.

Counsel: For Plaintiffs/Claimants, Asaua Fuimaono
For Defendants/Objectors, Salanoa Aumocualogo

OPINION AND ORDER

At issue in these consolidated actions is the ownership of substantially
overlapping parcels of land, known as "Saufelo" or "Saofelo," located in
the Village of Fagasa, American Samoa ("the overlapping land").
Defendants/objectors claim on behalf of the Alo Su`esu`emanogi Family
("the Alo Su`usu`e Family") an area of approximately 2.9 acres.
Plaintiffs/Claimants Tupuola Family ("the Tupuola Family") claim an

area of approximately 5.22 acres that almost entirely encompasses the Alo Su`usu`e Family's claim.

## Procedural History

On December 12, 1993, Tupuola Petelo, then the *sa`o* ("senior chief") having *pule* ("authority") over the Tupuola Family's communal lands in this area of Fagasa, filed an action, LT No. 42-93, against defendants Su`esu`emanogi Williams and Mary Keleti to quiet title to the overlapping land in the Tupuola Family's name and to permanently enjoin these individual defendants from continuing to construct a house and from trespassing on the land. On January 11, 1994, the court dismissed LT No. 42-93 without prejudice, upon Tupuola Petelo's motion stating that the parties had settled their differences.

The settlement was short-lived. On January 26, 1994, Tupuola Petelo filed a second action, LT No. 07-94, for the same remedies sought in LT No. 42-93. On February 4, 1994, the court directed each side in LT No. 07-94 to survey their claimed land and not to interfere with the other side's survey.

The Tupuola Family conducted its initial survey of approximately 2.322 acres in March 1994. This survey roughly coincides with the Alo Su`esu`e Family's presently claimed area. On March 30, 1994, Tupuola Petelo offered to register the 2.322 acres as the Tupuola Family's communal land. The offer was duly noticed, and the objectors in LT No. 12-95 timely objected to the registration. The Alo Su`esu`e Family completed its survey of approximately 2.819 acres in December 1994. The Tupuola Family's final survey of approximately 5.22 acres was done in July 1997.

On January 9, 1995, the Territorial Registrar referred the dispute over the offer to register the 2.322 acres to the Secretary of Samoan Affairs. After the dispute resolution proceedings failed, the Deputy Secretary of Samoan Affairs issued a certificate of irreconcilable dispute on March 10, 1995. On March 15, 1995, the Territorial Register directed the controversy to this Court for judicial resolution. This referral became LT No. 12-95.

On March 16, 1995, Tupuola Petelo moved to consolidate the two actions. The court consolidated the two actions on April 27, 1995. The two cases then remained dormant until October 10, 1999 when the Tupuola Family's present counsel moved to schedule the trial. Defendants/objectors appeared at the trial setting on November 23, 1999, but they no longer had counsel. The Court advised them to obtain counsel and set the trial on March 23, 2000. However, defendants/objectors' present attorney did not become counsel of record

until March 13, 2000. The trial was then continued to April 11 to allow counsel more preparation time and defendant Su`esu`emanogi Williams to attend to his ill mother off-island, and then to April 25 due to the death of Williams' mother. On April 25, defendants/objectors asked for a further continuance of the trial to attempt to settle the controversy. However, we denied the motion in view of the long dormancy and unsuccessful attempts to reach a settlement of these actions. The trial was held on April 25 and 26, 2000.

While these actions were pending, Tupuola Petelo passed away. This event may have contributed to the lack of settlement progress. The overseas presence of key persons in both families at times and apparent confrontational attitudes, including threatened violence, exhibited by members of the Alo Su`esu`e Family towards members of the Tupuola Famly at various times during the course of these proceedings may have been factors as well. In any event, the death was first indicated on the record of these proceedings in the affidavit of Tupuola Satete, the *sa`o* replacing Tupuola Petelo, dated April 19, 2000, filed in support of his motion for sanctions for causing delays of the trial, costs, and attorney's fees.[1] On April 25, 2000, defendants/objectors suggested, in chambers before the trial, that lack of formal substitution of a party for Tupuola Petelo was an additional reason to continue the trial. However, we granted the Tupuola Family's oral motion, under T.C.R.C.P. 25, to substitute Tupuola Satete, the present *sa`o*, as a party in place of Tupuola Petelo.[2] The case captions have been modified accordingly.

## Discussion

As between the Tupuola Family and the Alo Su`esu`e Family, the Tupuola Family owns as its communal land the 5.22 acres within its 1977 survey, plus the small areas at the east end included in the Alo Su`esu`e Family's survey but outside the Tupuola Family's survey, and the very small area along the south boundary of the Tupuola Family's survey outside of the other two surveys. This ultimate fact is abundantly clear under the evidence.

The Tupuola Family's claim that they have occupied and used the entire area surveyed since before 1900 is credible. The Alo Su`esu`e Family's

---

[1] Following the trial, the parties stipulated to continue the hearing on this motion to a later date, and on May 16, 2000, the Court ordered that the hearing on the motion was off-calendar to be rescheduled on the Court's or a party's motion.

[2] Tupuola Satete commissioned the 5.22 acre survey in July 1997. The defendants/objectors were aware of his authority as the *sa`o* of the Tupuola Family for at least this long, a period of almost three years. They were not prejudiced in any manner by the substitution of parties.

claim that they have possessed the overlapping land since time immemorial is not believable. The Village of Fagasa is traditionally divided into two sub-villages, named "Fagalea" and "Fagatele." The highest *pule* ("authority") in Fagalea is the *sa`o* of the extended Alo Family. The highest *pule* in Fagatele is the *sa`o* of the extended Tupuola Family. The area surveyed is in Fagatele.

Defendants/objectors are members of the extended Alo Family who resided in or whose ancestors resided in Fagalea in times past. Many years ago, a Tupuola lady married Alo Taisi of the Alo Family. The Tupuola titleholder at that time permitted Alo Taisi to live on the overlapping land, but he eventually left the land. Years later, after obtaining his title in 1939, Alo Pepe of the Alo Family needed land as a source of food. The Tupuola titleholder at that time permitted Alo Pepe to plant on and to harvest crops from the overlapping land. Though they farmed the land, neither Alo Pepe, nor any member of his family lived on the land. When Alo Pepe died, his family withdrew from the land. Still later, in 1967 or 1968, Tupuola Ioane permitted Alo Williams Steffany, also known as Alo Su`esu`e Steffany, of the Alo Family to live on the overlapping land. This event led, in due course, to the current residency of members of the Alo Su`esu`e Family on the land.

Defendants/objectors presented documentation of several separation agreements and building permits that facilitated the construction of buildings on the overlapping land. Four structures of the Alo Su`esu`e Family's members are actually partially outside the Alo Su`esu`e Family's claimed area of 2.819 acres and within the Tupuola Family's claimed 5.22 acre area. We cannot determine under the evidence whether a Tupuola *sa`o* consented to the construction of any of the Ala Su`esu`e Family's structures. There is evidence of the *sa`o's* objection to some of them. However, whether there was consent, objection, or even no action, the documentary evidence is unpersuasive in support of the Alo Su`esu`e Family's title claim. This evidence only serves to show, rather convincingly, that Tupuola *sa'os* neglected to vigorously protect their family's communal land interests.

■ We expressly point out one further significant detail in support of our finding that the Tupola Family holds the title to the land at issue. There is a graveyard within the 5.22 acre area surveyed by the Tupuola Family where only members of that family are buried. There are no graves of members of either family within the 2.819 acres surveyed by the Alo Su`esu`e Family. The Alo Su`esu`e Family planned only one burial of family member in their claimed area. However, when Tupuola Petelo objected, the Alo Su`esu`e Family buried the deceased family member elsewhere.

We conclude that, as between the Tupuola Family and the Alo Su`esu`e

Family, the 5.22 acres within the Tupuola Family's 1997 survey, plus the small parcels at the east end within the Alo Su`esu`e Family's survey but outside the Tupuola Family's survey, and the very small area along the south side within the Tupuola Family's 1994 survey of 2.372 acres but outside of their 1997 survey and the Alo Su`esu`e Family's 1994 survey, are the Tupuola Family's communal land. The presence of members of the Alo Family and Alo Su`esu`e Family on the overlapping land during several periods, however extended, was and is solely with the permission of the Tupuola Family's *sa`o*. Accordingly, defendants/objectors are entitled to remain and to construct any building or other improvements on the overlapping land only so long as they have the permission of the Tupuola Family's *sa`o*. If the permission granted to live on and use the land is terminated, members of the Alo Su`esu`e Family will be present on the land at the sufferance of the Tupuola Family's *sa`o* and subject to eviction. We further conclude that, as between the Tupuola Family and the world, the 2.372 acre area, as delineated in the Tupuola Family's 1994 survey and duly processed for registration, is properly registered as the Tupuola Family's communal land.

Because of the irreparable harm and inadequacy of monetary damages, members of the Alo Su`esu`e Family should be permanently enjoined from present or future construction of any buildings and other improvements, or from engaging in any other activities, on the overlapping land without first obtaining the permission of the Tupuola Family's *sa`o,* and from engaging in any acts of violence or threats of violence against members of the Tupuola Family. If members of the Alo Su`esu`e Family continue to live on and otherwise use the land, with the permission of the Tupuola Family's *sa`o,* they must do so peacefully and harmoniously with members of the Tupuola Family.

## Order

1. Title to the overlapping land, plus the small parcels within the Alo Su`esu`e Family's survey but outside the Tupuola Family's 1997 survey, is quieted as the Tupuola family's communal land.

2. The Territorial Registrar shall register the 2.322 acre area within the Tupuola Family's 1994 survey as the Tupuola Family's communal land.

3. Defendants/objectors, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are permanently enjoined (a) from present or future construction of any buildings or improvements, or from engaging in any other activities, on the land quieted without first obtaining the permission of the Tupuola Family's *sa`o*; and (b) from engaging in any acts of violence or threatening violence against members of the Tupuola Family.

It is so ordered.

